TRAXLER, Chief Judge,
concurring in part and dissenting in part:
Viewing the evidence in the light most favorable to the government, and drawing all inferences in its favor, as we must, see United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir.2011), I would affirm Caballero Fernandez’s conviction for accessory-after-the-fact to murder.
Fernandez-Gradis, with Caballero Fernandez close at his side, stood next to the passenger door of Ruben Ibarra’s vehicle — close enough for Fernandez-Gradis to knock on the passenger-side window with gun in hand. He then shot twice at point blank range at the passenger, shattering the glass from the window and hitting the victim once in the chest. In my view, this evidence would permit a jury to reasonably infer that both Fernandez-Gradis and Caballero Fernandez were close enough to see that the passenger had been shot in the chest. From a gunshot wound to the chest stems the logical and reasonable conclusion that the victim was dying.
Accordingly, I respectfully dissent from the reversal of Caballero Fernandez’s conviction for accessory-after-the-fact to the murder of Ulysses Mayo. I concur in the remainder of the majority opinion.